UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRYSTAL MASINO individually; MONIQUE
O'BRIN individually,

                          Plaintiffs,

-vs-                                                    Case No. 2:08-cv-706-FtM-29SPC

RIB CITY IMMOKALEE doing business as Rib
City Grill, Inc.,

                          Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Motion to Approve Settlement and Award Attorney's Fees and Costs (Doc. #20) filed on January 29, 2009.

*(1) Settlement Agreement*

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. On February 2, 2009, the parties were directed to supply the Court with sufficient settlement information for review. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). In response, the Plaintiff notified the Court that "there is no actual settlement agreement," the Defendant's paid the full amount claimed to the Plaintiff's, however, a dispute regarding attorneys fees and costs remained. (Doc. #23). The Defendant subsequently filed a Response in Opposition to the Motion to Approve Settlement and Award Attorney's Fees and Costs (Doc. #25), clearly indicating that a "settlement agreement" did not exist. The Court then scheduled

a hearing on the Motion. The hearing was cancelled as the parties filed a purported "Settlement Agreement." However, the parties did not file a settlement agreement.

Instead, the parties' filed a Joint Motion for Dismissal with Prejudice. The Plaintiffs Crystal Masino individually, and Monique O'Brin individually, represent that they received payment in full for all wages possibly due under the FLSA, including liquidated damages. Here, the Defendant paid to the Plaintiff, Crystal Masino, $1,043.28 as payment for unpaid wages, and $1,043.28 as liquidated damages, for a total of $2,086.56. The Defendant paid to the Plaintiff, Monique Obrin, $1,501.44 as payment for unpaid wages and $1,501.44 as payment for liquidated damages.

The requirement that the Court review the settlement for fairness does not apply here because Lynn's Food Stores addresses judicial oversight of "compromises of FLSA claims.Brown v. TMC of Central Florida, 2008 WL 2167054 (11th Cir. 2008). Since the Plaintiffs have been offered full compensation on his claim, this case does not involve a compromise... [and] there is no need for judicial scrutiny." Id.(*citing* MacKenzie v. Kindred Hosps. East, LLC, 276 F.Supp. 2d 1211, 1217 (M.D. Fla. 2003).

### *(2) Attorneys Fees*

The Parties agreed to leave the issue of attorney's fees and costs for the Court's review. The Plaintiff's Counsel, Bill Berke, submitted his affidavit claiming 26.10 hours at a fee of $300.00 per hour for a total of $7,830.00 in attorneys fees. The Defendant objects arguing that the number of hours expended by the Plaintiff's counsel on this particular case are excessive. The Defendant does not object to the $300.00 per hourly rate.

"A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."Am. Civil Liberties Union of

Georgia, v. Barnes, 168 F.3d 423, 427 (11th Cir 1999). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 436 (citing Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

In this case, the Plaintiff's attorney charged $300.00 per hour for the services rendered. The Defendant does not object to the hourly rate and, therefore, the Court will accept the $300.00 per hour rate.

### *Whether the Hours Charged were Reasonable*

Part of the court's task in calculating the lodestar is determining if the number of hours spent on the case were reasonable. Am. Civil Liberties Union of Georgia, 168 F.3d at 428. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours." Id. at 427. That burden includes supplying the court with records to show the time spent on the different claims and the subject matter of each activity of each time expenditure. Id. Each time expenditure should be set out with "sufficient particularity so the district court can assess the time claimed for each activity." Id. If fee applicants do not exercise billing judgment courts are obligated to do it for them and cut hours deemed to be excessive and unnecessary. Id. at 428.

The Defendant objects to the Plaintiff's Counsel's hours as excessive, with evidence of duplication of efforts, and time spent on non-billable work. The Court has reviewed the detailed accounting of hours spent in preparation for this case and does not find that all hours charged were reasonable under the circumstances. The instant case is basically a relatively simple FLSA case with

one count that was resolved without compromise in approximately four (4) months. In reviewing the attorney's fees and costs issue, the Court is relying on its experience in reviewing these matters in numerous cases of this nature which have been filed in the Middle District of Florida - Fort Myers Division.

The Defendant objects to Berke's time spent on drafting the Complaint. Berke claims he spent four hours drafting the Complaint. The Complaint is a simple FLSA complaint that should take no more than one (1) hour to draft. As such, the Defendant's objection is well taken and the amount of hours used to draft the Complaint should be reduced from four (4) to one (1).

On September 12, 2008, Berke states he spent 1.00 hours drafting a letter for the Clerk's office, the summons, and cover sheet, for the Complaint. The time is somewhat excessive for a routine form and the time will be reduced by half an hour leaving .5 hours. On September 12, 2008, Berke reviewed the removal to this Court billing .5 hours for the review. Then again on September 17, 2008, he reviewed the file and federal filings "re-removal" and Defendant's Answer for a total of 1.30 hours. The total of 1.80 hours for what appears to be redundant reviews is excessive and the Court will reduce the amount by 0.80 hours leaving 0.50.

Berke also bills 0.80 hours to prepare and file related cases but the only related case is the Monik O'Brin claim for unpaid wages which Berke met initially with the Defendant for 0.5 hours on February 12, 2008, prior to filing the original suit. The original suit filed in state court already included O'Brin as a defendant therefore, these hours are not justified and shall not be included.

On Wednesday, October 29, Berke billed 0.80 hours to prepare the Notice of filing the Plaintiff's answers to the Court's interrogatories. The Notice is a simple standard form that should

have taken Berke, no more than ten minutes to prepare. As such, the court will allow only 0.20 hours for the Notice and reduce the claim by 0.60 hours.

On Friday December 12, 2008, Berke prepared the motion for approval of settlement and atty fee affidavit. The Motion to Approve is less than one full page and should have taken no more than a few minutes to prepare and the Court will only allow 0.10 hour for the Motion to Approve. The Attorney's Fees Affidavit is not billable as it does not pertain to the actual case but recovery of fees. Thus, the hours will be reduced by 1.7 hours.

On December 16, 2008, Berke billed 1.0 hours to revise the Motion for Approval and Attorney Fee Affidavit. The Court will not allow the attorney fee affidavit hours and will deduct 0.90 hours from the claim.

On January 15, 2009, Berke spent 1.0 hour revising his Attorney Fee Affidavit. The time spent preparing and revising the Attorney Fee Affidavit is not allowed. Likewise the 0.30 hours billed for the telephone conference with Jamie Mauer regarding attorney's fees is not allowed.

Therefore, it is respectfully recommended that Berke's hours be reduced by a total of 9.6 hours for a reduction in attorney's fees of $2,880.00. Any further objections should be overruled and the remainder of the claimed hours should be paid.

The Costs are not objected to and should therefore, be paid in full.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Motion to Approve Settlement and Award Attorney's Fees and Costs (Doc. #20) should be **GRANTED**.

(1) The Case should be **DISMISSED** with prejudice.

(2) The Motion to Approve and Award Attorney's Fees and Costs should be **GRANTED** but modified as follows:

| | |
|---|---|
| Claimed Hours | 26.10 |
| Reductions | (9.60) |
| Total Hours | 16.50 |
| Hourly Rate | $300.00 |
| Total Attorney's Fees | 16.50 x $300.00 = $4900.50 |
| Costs Award | $350.00 |
| **Total Attorney's Fees and Costs** | **$5250.50** |

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this  26th   day of February, 2009.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record