```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CRYSTAL MASINO individually; MONIQUE
O'BRIN individually,

               Plaintiffs,

vs.                                      Case No. 2:08-cv-706-FtM-29SPC

RIB CITY IMMOKALEE doing business as
Rib City Grill, Inc.,

               Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #32), filed February 26, 2009, recommending that the Motion to Approve Settlement and Award Attorney's Fees and Costs (Doc. #20) be granted, the case be dismissed with prejudice, and that attorney's fees and costs be granted as modified. No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in

whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge to dismiss the case and grant attorney's fees and costs. The Court further accepts the Report and Recommendation that approval of the settlement is not required in this case, based on the findings herein. Although the February 5, 2009 Response (Doc. #23) stated "there is no actual settlement agreement", this statement was later negated by the filing of a Settlement Agreement, Covenant Not to Sue, and General Release (Doc. #29-2). The terms of the Settlement Agreement, however, clearly reflect that the amounts paid to plaintiffs are the amounts requested in their Answers to Court Interrogatories (Docs. #11-2, #19-2), in full. Therefore, the Court finds that plaintiffs were in fact paid in full without compromise and approval is not required under Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #32) is hereby **adopted, as modified,** and specifically incorporated herein.

2. The Motion to Approve Settlement and Award Attorney's Fees and Costs (Doc. #20) is **GRANTED.**

3. The Clerk shall enter judgment dismissing the case with prejudice and awarding plaintiff **$5,250.00** in attorney's fees and costs. The Clerk is further directed to terminate all pending motions and deadlines as moot and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of March, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties